David Ali Chami
SBN: 027585
Chami Law Firm, PLLC
1204 E. Baseline Road, Suite 102
Tempe, AZ 85283
Tel: (866) 881-2133
Fax: (866) 401-1457
David@chamilawfirm.com
Attorney for Plaintiff,
Mark Marcus

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Mark Marcus,<br>      Plaintiff,<br>v.<br>Convergent Outsourcing, Inc.,<br>      Defendant. | No.<br><br>**Plaintiff's Complaint** |

Plaintiff, Mark Marcus ("Plaintiff"), through his attorneys, Chami Law Firm, PLLC, alleges the following against Defendant, Convergent Outsourcing, Inc. ("Defendant"):

**INTRODUCTION**

1. Plaintiff's Complaint is based on the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. 1692, et seq.

**JURISDICTION AND VENUE**

2. This Court has jurisdiction under 28 U.S.C. §1331 and 15 U.S.C. §1692k (FDCPA).

3. Jurisdiction of this court arises pursuant to 15 U.S.C. 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy."

4. Venue and personal jurisdiction in this District are proper because Defendant does or transacts business within this District, and a material portion of the events at issue occurred in this District.

## PARTIES

5. Plaintiff is a natural person residing in Strawberry, Gila County, Arizona.

6. Plaintiff is a consumer as that term is defined by 15 U.S.C. 1692a(3).

7. Plaintiff allegedly owes a debt as that term is defined by 15 U.S.C. 1692a(5).

8. Defendant is a debt collector as that term is defined by 15 U.S.C. 1692a(6)

9. Within the last year, Defendant attempted to collect a consumer debt from Plaintiff.

10. Defendant is a collection agency headquartered in Renton, King County, Washington.

11. Defendant's business includes, but is not limited to, collecting on unpaid, outstanding account balances.

12. When an unpaid, outstanding account is placed with Defendant it is assigned an account number.

13. The principal purpose of Defendant's business is the collection of debts allegedly owed to third parties.

14. Defendant regularly collects, or attempts to collect, debts allegedly owed to third parties.

15. During the course of its attempts to collect debts allegedly owed to third parties, Defendant sends to alleged debtors bills, statements, and/or other correspondence, via the mail and/or electronic mail, and initiates contact with alleged debtors via various means of telecommunication, such as by telephone and facsimile.

16. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

17. Defendant's employee, Garrett, communicated with Plaintiff in an attempt to collect a debt.

18. Defendant's employee, Garrett, was working within the scope of his employment when he communicated with Plaintiff in an attempt to collect a debt.

**FACTUAL ALLEGATIONS**

19. Defendant is attempting to collect an alleged debt from Plaintiff originating with Capital One, account number 4121741370766805, Defendant's account number S-30327532. ("Account").

20. Plaintiff's alleged debt owed to Capital One arises from transactions for personal, family, and household purposes.

21. In or around August 2014, Defendant began calling Plaintiff's mother in an attempt to collect the alleged debt.

22. Defendant calls Plaintiff's mother on her home telephone at 561-734-3009.

23. When Plaintiff's mother spoke with one of Defendant's collectors, she stated that Plaintiff does not reside at her residence.

24. Despite this, Defendant continued to call Plaintiff's mother asking to speak with Plaintiff.

25. In or around September 2014, Defendant began calling Plaintiff in an attempt to collect the alleged debt.

26. Defendant calls Plaintiff on Plaintiff's home telephone at 928-478-6919.

27. Defendant calls from 855-343-7885, which is one of Defendant's telephone numbers.

28. On October 6, 2042, Defendant mailed a collection letter to Plaintiff regarding the Account. *See* Defendant's letter attached as Exhibit A.

29. If the debt is owed at all, it was incurred prior to the year 2000.

30. The statute of limitations on a written contract in Arizona is six (6) years.

31. Defendant is attempting to collect a debt on which the statute of limitations has expired.

32. Nothing in Defendant's collection letter disclosed that the debt was barred by the statute of limitations.  *See* Defendant's letter attached as Exhibit A.

3

33. Nothing in Defendant's collection letter disclosed the date of the transaction giving rise to the claimed debt. *See* Defendant's letter attached as Exhibit A.

34. In fact, Defendant's collection letter states that the "Total Balance" due is $2,386.24, but frequently discusses Plaintiff's options to "settle," and offers a "settlement amount" of $357.94 to "clear this account in full." *See* Defendant's letter attached as Exhibit A.

35. It is the policy and practice of Defendant to send letters seeking to collect time-barred debts that do not disclose the fact that they are time-barred.

36. It is the policy and practice of Defendant to send letters seeking to collect time-barred debts that do not disclose the dates of the transactions giving rise to the debts.

37. The Federal Trade Commission has determined that "Most consumers do not know their legal rights with respect to collection of old debts past the statute of limitations . . . When a collector tells a consumer that she owes money and demands payment, it may create the misleading impression that the collector can sue the consumer in court to collect that debt." (http://www.ftc.gov/opa/2012/01/asset.shtm). The FTC entered into a consent decree with Asset Acceptance, one of the largest debt buyers in the United States, requiring that it disclose to consumers when it is attempting to collect debts that are barred by the statute of limitations. United States of America (For the Federal Trade Commission) v. Asset Acceptance, LLC, Case No. 8:12-cv-182-T-27EAJ (M.D.Fla.).

38. In addition, the letter has added interest in the amount of $599.54 to the total balance of the alleged debt, in violation of the FDCPA.

## COUNT I
## DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT

39. Defendant violated the FDCPA based on the following:

   A. Defendant violated §1692b(2) of the FDCPA by communicating with any person other than the consumer for the purpose of acquiring location information about the

4

consumer when one of Defendant's collectors called Plaintiff's mother after she had already informed Defendant that Plaintiff does not live with her;

B. Defendant violated §1692d of the FDCPA by engaging in conduct that the natural consequences of which was to harass, oppress, and abuse Plaintiff in connection with the collection of an alleged debt, when Defendant continued to call Plaintiff's mother after Plaintiff's mother told Defendant that Plaintiff does not reside at her residence;

C. Defendant violated §1692d(5) of the FDCPA by causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number, when Defendant continued to call Plaintiff's mother after Plaintiff's mother told Defendant that Plaintiff does not reside at her residence;

D. Defendant violated §1692e of the FDCPA by using false, deceptive, or misleading representations or means in connection with the collection of a debt, by attempting to collect a time-barred debt from Plaintiff;

E. Defendant violated §1692e(2) of the FDCPA by falsely representing the legal status of any debt, when Defendant attempted to collect a time-barred debt without disclosing to Plaintiff that the debt was past the statute of limitations;

F. Defendant violated §1692e(10) of the FDCPA by using false representations or deceptive means in connection with the collection the alleged debt, when Defendant attempted to collect a time-barred debt without disclosing to Plaintiff that the debt was past the statute of limitations; and

G. Defendant violated §1692(f) of the FDCPA by using unfair or unconscionable means in connection with the collection of an alleged debt, when Defendant

5

attempted to collect a time-barred debt without disclosing to Plaintiff that the debt was past the statute of limitations.

H. Defendant violated §1692(f)(1) of the FDCPA by collection any amount, including any interest, fee, charge, or expense incidental to the principal obligation unless such amount is expressly authorized by the agreement creating the debt or permitted by law, when Defendant added interest in the amount of $599.54 to the total balance of the alleged debt.

WHEREFORE, Plaintiff, Mark Marcus, respectfully requests judgment be entered against Defendant, Convergent Outsourcing, Inc., for the following:

40. Statutory damages of $1,000.00 pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. 1692k;

41. Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. 1692k;

42. Actual damages; and

43. Any other relief that this Honorable Court deems appropriate.

DATED: March 5, 2015                    RESPECTFULLY SUBMITTED


                                        By: /s/_____
                                            David Ali Chami
                                            Chami Law Firm, PLLC
                                            Attorney for Plaintiff
                                            Mark Marcus

# Exhibit A

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28



ATERSO01
PO Box 1022
Wixom MI  48393-1022
CHANGE SERVICE REQUESTED

Convergent Outsourcing, Inc.
800 SW 39th St./PO Box 9004
Renton, WA 98057
Mon-Fri 8AM-5PM
877-495-0400

Date:  10/06/2014
Creditor: Galaxy International Purchasing, LLC
Original Account #: 4121741370766805
Convergent Account #: S-30327532
Original Creditor: Capital One

S315        415810163

Mark Marcus
HC 1 Box 453
Strawberry AZ 85544-9708

Settlement In Full: $ 357.94
Principal:        $1,786.70
Interest:         $ 599.54
Total Balance:    $2,386.24
Interest Rate:    5.000%

Settlement Offer

Dear Mark Marcus:

This notice is being sent to you by a collection agency.  The records of Galaxy International Purchasing, LLC show that your account has a past due balance of $2,386.24.

Our client has advised us that they are willing to settle your account for 15% of your total balance due to settle your past balance.  The full settlement must be received in our office by an agreed upon date.  If you are interested in taking advantage of this offer, call our office within 45 days of this letter.  Your settlement amount would be $ 357.94 to clear this account in full.  Even if you are unable to take advantage of this offer, please contact our office to see what terms can be worked out on your account.  We are not required to make this offer to you in the future.

Sincerely,

Convergent Outsourcing, Inc.

THIS IS AN ATTEMPT TO COLLECT A DEBT AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.  THIS COMMUNICATION IS FROM A DEBT COLLECTOR.

NOTICE:  PLEASE SEE REVERSE SIDE FOR IMPORTANT CONSUMER INFORMATION.

---

3 CONVENIENT WAYS TO PAY:

 Pay Online: Email our office or pay your bill online with your credit/debit card or checking account at www.payconvergent.com.  Your temporary identification number is: 13.30327532.555

 Pay by Phone:  Please call Convergent Outsourcing, Inc. at 877-495-0400. We offer check by phone, Western Union, and credit/debit card.

 Pay by Mail:  Send Payments to Convergent Outsourcing, Inc., PO Box 9004, Renton  WA 98057-9004

PLEASE DETACH THE BOTTOM PORTION WITH YOUR PAYMENT.  BEFORE MAILING, PLEASE ENSURE RETURN ADDRESS ON
⬇⬇ REVERSE SIDE APPEARS CORRECTLY THROUGH THE WINDOW OF THE REPLY ENVELOPE. ⬇⬇        749ATERSO01S315D